**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| CHAPMAN LAW FIRM CO.<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES<br><br>Defendant. | CFC No. 06-473C<br>(Judge Wheeler) |

**OPPOSITION TO MOTION TO INTERVENE**

**COMES NOW** the Chapman Law Firm Co., LPA ("CLF"), by and through undersigned counsel, and hereby files this Opposition to the Motion to Intervene by Greenleaf Construction Co., Inc. ("Greenleaf"). CLF requests that the Court not permit Greenleaf participate in this proceeding because of that party's continuing and repeated misstatements and outright misrepresentations of the findings of other *fora*.

Specifically, Greenleaf states in its Memorandum in Support of its Motion to Intervene ("Greenleaf's Brief"), referring to the Comptroller General's decision in the protest of Greenleaf Construction Co., Inc., B-293105.18 et al., Jan. 17, 2006, 2006 CPD ¶ 19, "GAO [Government Accountability Office] determined that HUD's purported award to CLF was invalid because of CLF's misrepresentations to HUD, along with the fact that award to CLF was barred by an unmitigated organizational conflict of interest. Also, CLF was non-responsible." Greenleaf Brief at 2. Greenleaf's description of the Government Accountability Office's ("GAO's") decision is totally incorrect and demonstrates that Greenleaf cannot be

trusted to fairly present any assertions concerning the decisions of other *fora*, panels, or jurisdictions.

In that protest after a hearing on the merits the Comptroller General sustained Greenleaf's protest and issued the following recommendation:

> We recommend that the agency reevaluate the merits of CLF's proposal in light of our finding that, contrary to the provisions of the proposal, CLF will not use Mr. and Ms. [A], or the TEAMS EMS system, in performing the contemplated contract. In addition, the agency should ascertain and take into account in its reevaluation whether CLF's proposal otherwise inaccurately represents the resources that CLF will use in performing the contract. We also recommend that the agency consider, and document its findings with respect to, the potential OCI that will be created by the fact that Mr. Chapman is owed significant payments over time by the purchaser of Lakeside Title. We further recommend that the contracting officer make a new determination of CLF's responsibility which takes into account the fact that Mr. Chapman has sold Lakeside Title, as well as any changes in the resources that CLF will have available to perform the contemplated contract. If, as a result of this reevaluation, the agency determines that CLF's proposal is not the best value, the agency should terminate CLF's contract and make award in accordance with the evaluation results. Finally, we recommend that Greenleaf be reimbursed its costs of filing and pursuing the protest, including reasonable attorneys' fees. 4 CFR § 21.8(2)(1). In accordance with 4 CFR § 21.8(f)(1) the protester's certified claim for such costs, detailing the time expended and costs incurred, must be submitted directly to the agency within 60 days after receipt of this decision.

<u>Greenleaf Construction Co., Inc.</u>, B-293105.18 *et al.*, Jan. 17, 2006, 2006 CPD ¶ 19. While the GAO did sustain Greenleaf's protest, Greenleaf mischaracterizes the GAO's findings. GAO did not find that CLF had misrepresented anything in its proposal; rather, the GAO found that after submission of the proposal two of CLF's key personnel decided to not work for CLF anymore and CLF changed its identified prototype computer system to the industry standard. The GAO found that these changed facts gave rise to a duty on CLF's part to update its

proposal. Additionally, the GAO found that Mr. Chapman's continued income stream in the form of monthly fixed price payments from the owner of a company performing closing agent services in Ohio for HUD might give rise to an organizational conflict of interest which had not been recognized by the contracting officer. Finally, the GAO decided that the contracting officer's responsibility determination failed to consider CLF's financial condition in light of Mr. Chapman's sale of the closing agent asset; however, the GAO did not in any modify or change the positive responsibility determination inherent in the contract awarded to CLF.

Greenleaf has previously stated this inaccurate representation of the GAO's decision in pleadings in the prior case before this Court, and the Court should not permit this calumny to be repeated.

**WHEREFORE** Plaintiff respectfully requests that the Court grant CLF's requested relief and not permit Greenleaf to continue in this case or if the Court permits Greenleaf into this matter Greenleaf must retract and not repeat its inaccurate representations concerning the GAO's decision.

Respectfully submitted,

Date: ________________ By: ________________________

James S. DelSordo, Esq.
John J. O'Brien, Of Counsel
Cohen Mohr, LLP
1055 Thomas Jefferson St., NW
Suite 504
Washington, DC 20007
(202) 342-2550
fax (202) 342-6147

Counsel for Plaintiff Chapman Law Firm
Co., LPA

**CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of June 2006, a copy of the foregoing Opposition to Motion to Intervene was served by telecopy and first class mail on:

Counsel for the United States Sameer Yerawadekar, Esq., United States Department of Justice, Commercial Litigation Branch, 1100 L Street, N.W., Washington, DC 20530, fax (202) 514-8640; and

Counsel for Greenleaf Construction Co., Inc., Alexander Brittin, Esq., 8000 Towers Crescent Dr., Suite 900, Vienna, Virginia 22182, fax (703) 610-4896.

James S. DelSordo