IN THE UNITED STATES COURT OF FEDERAL CLAIMS
Washington, D.C.

| | |
|---|---|
| CHAPMAN LAW FIRM CO.<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA<br><br>Defendant<br><br>and<br><br>GREENLEAF CONSTRUCTION CO., INC.<br><br>Intervenor-Defendant. | CFC No. 06-473C<br>Judge Wheeler<br>(Bid Protest) |

**GREENLEAF CONSTRUCTION COMPANY, INC.'S MOTION TO DISMISS**

Pursuant to Rule 12(b)(6) of the Rules of the Court of Federal Claims ("RCFC") , Intervenor-Defendant, Greenleaf Construction Company ("Greenleaf"), by counsel, respectfully requests that this Court dismiss the complaint filed by plaintiff Chapman Law Firm Co., LPA ("CLF"). CLF's challenge to the actions of the Small Business Administration ("SBA") is precluded by res judicata and/or 28 U.S.C. §1500. In support of this motion, Greenleaf relies upon the following brief.

INTERVENOR-DEFENDANT'S BRIEF

STATEMENT OF THE ISSUE

Whether the complaint filed by CLF should be dismissed because it is precluded by res judicata and/or 28 U.S.C. §1500.

STATEMENT OF THE CASE[1]

CLF challenges the SBA Office of Hearing and Appeals ("OHA") decision dated February 16, 2006 (Supplemental Administrative Record, Tab 20)("OHA decision") that Greenleaf is a qualified small business for purposes of submitting a proposal in response to request for proposals ("RFP" or "solicitation") No. R-OPC-22505 for the Management and Marketing ("M&M") contract for the Philadelphia Area 2 region. CLF's complaint alleges that OHA's decision "ignores the language of 13 C.F.R. 121.103 describing when companies are affiliated for purposes of size status." Complaint at 1.

I. Jurisdictional Basis

CLF claims jurisdiction under the Tucker Act, 28 U.S.C. §1491, 15 U.S.C. §632(a), and 5 U.S.C. §§702 and 706. CLF describes its standing as an interested party as follows:

> [CLF] is an actual offeror to this procurement that but for the OHA decision and ***the Court's improper analysis that the OHA decision applies to this procurement***, CLF would be the only small business in the competitive range for this procurement.

Complaint at 2 (emphasis added). The reference to the "Court's improper analysis" in CLF's jurisdictional description of standing as an interested party, refers to "this procurement." "This procurement" must mean the M&M procurement for the P2 region and the subject of Chapman I.[2]

---

[1] For reference purposes, CLF's pending action (CFC No. 06-473C) shall be referred to herein as "Chapman II," while the earlier action, Chapman Law Firm, Co. v. United States, et al., CFC No. 06-330C (June 20, 2006), shall be referred to as "Chapman I."

[2] CLF checked the "No" box on the Complaint's Cover Sheet when asked if "this case is directly related to any pending or previous case?" RCFC 40.2(a)(1)(B) states "that Cases are deemed directly related when an earlier-filed case and the action being filed: (B) involve the same contract." Both Chapman I and Chapman II deal with the exact same contract/procurement. CLF's failure to check the "Yes" box is all the more puzzling when its standing as an interested party is based upon "the Court's improper analysis [in Chapman

II. Nature of the Case

Chapman challenges OHA's decision, asks for the decision of the SBA Area Office to be reinstated (finding Greenleaf to be other than small), and asks the Court to enjoin the Department of Housing and Urban Development ("HUD") from permitting performance of any contract under the RFP awarded to Greenleaf until OHA issues a new decision pursuant to this Court's order. Motion for Preliminary Injunction ("CLF's Motion") at 2.

CLF argues that it is likely to succeed on the merits by listing 11 "indicia of affiliation between Greenleaf and its subcontractor [Michaelson, Connor & Boul, Inc.]." Memorandum in Support of Plaintiff's Motion for Preliminary Injunction ("CLF's Memorandum") at 10. From this, CLF concludes that "the OHA decision should be overturned reinstating the repeated decisions of the Area Office finding that Greenleaf is other than small for this procurement." Id. at 11.

In terms of irreparable injury, CLF claims that it is the "only legitimate small business remaining in the procurement, and any evaluations under the RFP should be held of CLF alone." Id. The harm to CLF is that it will not obtain "any lost profits that would have been realized if it had been allowed to perform the contract services." Id. at 12. CLF's foundation for public interest in support of an injunction is that SBA is preventing CLF from performing the contract and allowing Greenleaf to "compete for and possibly be awarded a contract to perform the [M&M] services for the Philadelphia Area [sic] 1." Id. at 13.

---

I]." Pl. Complaint at 2. If a party's standing is based upon a previous case, then a subsequently filed case – by definition – must be related.

In addition to its filing a new Complaint and Motion for Preliminary Injunction with this Court on June 21, 2006, CLF also filed a Notice of Appeal, pursuant to 28 U.S.C. §1295(a)(3), appealing to the United States Court of Appeals for the Federal Circuit the Court's final judgment in the matter of Chapman I.

## ARGUMENTS

### I. CLF's Complaint Is Barred By the Doctrine Of Res Judicata (Claim Preclusion)

#### A. Standard of Review

As this Court observed Maurice L. Bianchi v. United States, "a fundamental precept of common-law adjudication, embodied in the related doctrines of collateral estoppel and res judicata, is that a right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction . . . cannot be disputed in a subsequent suit between the same parties or their privies . . . .'" 68 Fed. Cl. 442, 461 (2005)(quoting Southern Pacific R. Co. v. United States, 168 U.S. 1, 48-49 (1897)). Under the doctrine of res judicata, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action. Cromwell v. County of Sac, 94 U.S. 351, 352 (1877); Lawlor v. Nat'l Screen Serv. Corp., 349 U.S. 322, 326 (1955); 1B J. Moore, Federal Practice ¶ 0.405[1], pp. 621-24 (2d ed. 1974); Restatement (Second) of Judgments § 47 (Tent. Draft No. 1, Mar. 28, 1973) (merger); id., § 48 (bar).

The Supreme Court has established that "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981); see also Mark Smith Constr. Co. v. United States, 15 Cl. Ct. 32, 35-36 (1988). By affording a claimant only one opportunity to obtain redress, the doctrines

conserve judicial resources, foster reliance upon judicial decisions, and protect litigants from vexatious and needless litigation. Martin v. United States, 30 Fed. Cl. 542, 546, aff'd, 41 F.3d 1519 (Fed. Cir. 1994); Lins v. United States, 4 Cl. Ct. 772, 777, aff'd, 758 F.2d 666 (Fed. Cir. 1984).

The United States Court of Appeals for the Federal Circuit, following the precedent set by the Supreme Court, discussed issue preclusion and claim preclusion writing that "[u]nlike issue preclusion, which only bars matters actually litigated in a prior proceeding, claim preclusion forecloses matters that, although never litigated or even raised, *could have been advanced in an earlier suit*." Carson v. Dep't of Energy, 398 F.3d 1369, 1375 n.8 (Fed. Cir.), reh'g denied (2005)(emphasis added).

The Federal Circuit specified a three part test for the use of claim preclusion. Res judicata applies if:

> (1) The prior decision was rendered by a forum with competent jurisdiction;
> (2) The prior decision was a final decision on the merits; and
> (3) The same cause of action and the same parties or their privies were involved in both cases.

Id. at 1375; see also Ammex, Inc. v. United States, 334 F.3d 1052, 1055 (Fed. Cir. 2003); Florida Power & Light Co. v. United States, 41 Fed. Cl. 477, 483 (1998).

### B. Under the Three Part Test, CLF's Complaint Is Subject to Claim Preclusion

CLF's complaint is barred by the doctrine of res judicata, or claim preclusion, because it falls squarely under the Federal Circuit's three part test.

First, the prior decision – Chapman I – was decided by a forum (this Court) with competent jurisdiction. CLF has not at any time questioned the Court's jurisdiction in Chapman I.

Second, Chapman I is final. The Court finalized the Order and Opinion dated June 6, 2006, denying Defendant's motion to dismiss, by an Order for Entry of Judgment filed June 20, 2006. The finality of Chapman I is further evidenced by CLF's notice of appeal filed on June 21, 2006.

Third, the same cause of action and the same parties are involved in both Chapman I and Chapman II. With regard to the third requirement, the Federal Circuit has held:

> A subsequent suit is barred if it arises out of the same subject matter as a previous suit and which, "through the exercise of diligence, could have been litigated in a prior suit." [Restatement (Second) of Judgments § 24 (1982).] What constitutes the subject matter of a suit depends on the factual basis of the complaint, and any cause of action that arises out of the same facts should be litigated in the same action. [See Barr v. Resolution Trust Corp., 837 S.W. 2d 627, 630 (Tex. 1992)]; see also Flores v. Edinburg Consol. Indep. Sch. Dist., 741 F.2d 773, 777 (5th Cir. 1984).

United Techs. Corp. v. Chromalloy Gas Turbine Corp., 189 F.3d 1338, 1344 (Fed. Cir. 1999), reh'g denied and en banc suggestion declined, 1999 U.S. App. LEXIS 31495.

This Court has held that a transactional facts analysis may be done. In such cases, the court must weigh "such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectation [sic] or business understanding or usage." Alyeska Pipeline Serv. Co., et al. v. United States, 688 F.2d 765, 769 (Ct. Cl. 1982) (quoting Restatement (Second) of Judgments §24(2)); see also Foster v. Hallco Mfg. Co., 947 F.2d 469, 478-79 (Fed. Cir. 1991).

Both Chapman I and Chapman II stem from the same underlying transaction – HUD's M&M RFP for the P2 area. In Chapman I, CLF sought reinstatement of the RFP

and recession of HUD's termination for convenience. The ultimate purpose was to win the M&M contract for the P2 Area. In Chapman II, CLF seeks to overturn the OHA decision. The result will be that CLF will be the only small business. Again, the ultimate purpose is to win the M&M contract for the P2 Area. There are no new facts involved between Chapman I and Chapman II. They both involve the P2 Area contract and CLF's continued attempts to win the contract. No other purpose or result is sought by CLF.

In Chapman II, CLF again seeks to win the M&M contract for the P2 Area, this time by challenging the OHA decision. However, CLF should have challenged the OHA decision in Chapman I. Yet, CLF never at any time asked this Court to review the OHA decision. The mere fact that CLF "could have" brought its action bars it from doing so now. As the Supreme Court has noted, "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were *or could have been raised in that action*." Federated Dep't Stores, Inc., 452 U.S. at 398 (1981) (emphasis added).

Further evidence of the fact that both Chapman I and Chapman II stem from the same underlying transaction comes from CLF's jurisdictional basis. CLF's Complaint states that it has standing because it would have been the only small business in the competitive range but for "the Court's improper analysis." Clearly, CLF is basing its standing in Chapman II upon this Court's allegedly "improper analysis" in Chapman I. CLF's own jurisdictional basis admits that both Chapman I and Chapman II stem from the same underlying transaction.

CLF could have raised a challenge to the OHA decision in Chapman I but did not. For example, CLF could have challenged Greenleaf's opposition to HUD's corrective

action (leaving a competitive range of one) by raising the OHA decision to challenge Greenleaf's standing. Instead, CLF remained silent.[3]

Moreover, it is no excuse for CLF that a challenge to the OHA decision was not in its complaint in Chapman I. This Court and the Federal Circuit have recognized that res judicata "extends beyond those causes of action expressly included by the plaintiff in his claim to cover causes of action *which were not but should have been raised in the prior litigation.*" Brown v. United States, 3 Cl. Ct. 31, 41 (1983)(emphasis added); see, e.g., Stearn v. Dep't of the Navy, 280 F.3d 1376, 1380 (Fed. Cir. 2002); Case, Inc. v. United States, 88 F.3d 1004, 1011 (Fed. Cir. 1996); Anderson v. United States, 46 Fed. Cl. 725 (2000). Consequently, the application of res judicata to Chapman II is not affected by the mere fact that CLF did not include a challenge to the OHA decision in Chapman I.

Under these circumstances, CLF is barred by the doctrine of res judicata from bringing the pending action (Chapman II).

## II. This Court Is Divested Of Jurisdiction Under 28 U.S.C. §1500

28 U.S.C. §1500 states:

> The United States Court of Federal Claims shall not have jurisdiction of any claim for or in respect to which the plaintiff or his assignee has pending in any other court any suit or process against the United States or any person who, at the time when the cause of action alleged in such suit or process arose, was, in respect thereto, acting or professing to act, directly or indirectly under the authority of the United States.

[3] When asked if there were any other matters to be considered, counsel for CLF said that the only outstanding matter was judgment for purposes of seeking attorney's fees under the Equal Access to Justice Act. Telephone Conf. (June 7, 2006) at 8. CLF could have but did not object to the OHA decision.

On June 21, 2006, CLF filed a notice to appeal this Court's decision in Chapman I. CLF's appeal before the Federal Circuit constitutes a "pending suit or process against the United States" under 28 U.S.C. §1500, and deprives this Court of jurisdiction to hear the pending action. Scott Aviation v. United States, 23 Cl. Ct. 573, 576-77 (July 26, 1991).

In the case of Loveladies Harbor, Inc. v. United States, 27 F.3d 1545 (Fed. Cir. 1994), the United States Court of Appeals for the Federal Circuit developed a two part test to determine if a claim in the Court of Federal Claims is the same as a claim pending in another court. According to Loveladies Harbor, "For the Court of Federal Claims to be precluded from hearing a claim under §1500, the claim pending in another court must arise from the *sa[m]e operative facts*, and must seek *the sa[m]e relief*." Id. at 1551 (emphasis in original).

In terms of the same "operative facts," both Chapman I and Chapman II concern the same procurement agency, procurement and bidders. Both ultimately seek to have HUD award CLF the P2 Area M&M contract. The relief sought by CLF is also the same; award to CLF the P2 Area M&M contract. Although CLF uses different legal theories, it is still seeking the P2 Area M&M contract. Under the Loveladies Harbor test, CLF's appeal pending at the Court of Appeals for the Federal Circuit is the "same claim" and therefore this Court is without jurisdiction to hear Chapman II.

## CONCLUSION

For the reasons set forth in Intervenor-Defendant's Brief, CLF's Complaint should be dismissed based on the doctrine of res judicata and/or the Court's lack of jurisdiction under 28 U.S.C. §1500.

WHEREFORE, Greenleaf requests that this Court grant this Motion to Dismiss.

Respectfully submitted,

/s/ Alexander J. Brittin

Date: June 30, 2006 By: ______________________________

Alexander Brittin, Esq.
BRITTIN LAW GROUP, P.L.L.C.
8000 Towers Crescent Drive, Suite 900
Vienna, Virginia 22182
Tel: (703) 610-4895
Fax: (703) 610-4896
*Counsel for Intervenor-Defendant*
*Greenleaf Construction Company, Inc.*

*Of Counsel*:

Jonathan D. Shaffer
SMITH PACHTER MCWHORTER PLC
8000 Towers Crescent Drive, Suite 900
Vienna, VA 22182
Tel: (703) 847-6300
Fax: (703) 847-6312

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of June, 2006, a copy of GREENLEAF CONSTRUCTION COMPANY, INC.'S MOTION TO DISMISS was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Alexander J. Brittin

Alexander J. Brittin