No. 06-473C
(Judge Wheeler)
**BID PROTEST**

---

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

---

CHAPMAN LAW FIRM CO.,
Plaintiff,

v.

THE UNITED STATES,
Defendant,

and

GREENLEAF CONST. CO., INC.,
Defendant-Intervenor.

---

# DEFENDANT'S MOTION TO DISMISS

---

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

MARK A. MELNICK
Assistant Director

SAMEER YERAWADEKAR
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-4696
Fax: (202) 514-8640

Attorneys for Defendant

OF COUNSEL:
BEVERLEY HAZLEWOOD-LEWIS
Trial Attorney
Office of General Counsel
U.S. Small Business Administration
409 3rd Street, S.W.
Washington, D.C. 20416

KIMBERLY Y. NASH
Trial Attorney
ROBERT J. BROWN
Attorney-Advisor
Procurement & Administrative Law Division
Department of Housing and Urban Development
751 7th Street, S.W.
Room 10180
Washington, D.C. 20410

June 30, 2006

**TABLE OF CONTENTS**

**Page**

DEFENDANT'S MOTION TO DISMISS . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

I. Lack Of Jurisdiction . . . . . . . . . . . . . . . . . . . . 3

A. This Court Lacks Jurisdiction Under 28 U.S.C. § 1500 .3

B. Chapman Lacks Standing Absent Being Prejudiced . . . .5

II. Chapman's New Action Is Barred By Res Judicata . . . . . . . 5

II. Chapman Has Waived The Argument It Advances Here . . . . . . 8

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . 11

**TABLE OF AUTHORITIES**

**Page**

**CASES**

Cavalier Clothes, Inc. v. United States, 810 F.2d 1108 (Fed. Cir. 1987) . . . . . . . . . . . . . . . . . 3

Chapman Law Firm v. United States, 63 Fed. Cl. 25 (2004) . . . . 3

Data Gen. Corp. v. Johnson, 78 F.3d 1556 (Fed. Cir. 1996) . . . . 5

Deposit Bank of Frankfort v. Board of Councilmen of the City of Frankfort, 191 U.S. 499 (1903) . . . . . . . . 6

Eagle Design and Mgmt., Inc. v. United States, 57 Fed. Cl. 271 (2002) . . . . . . . . . . . . . . . . . . . . . . 3

Gant v. United States, 417 F.3d 1328 (Fed. Cir. 2005) . . . . . . 10

Hill v. United States, 8 Cl. Ct. 382 (1985) . . . . . . . . . . . . 3

In Re Deckler, 977 F.2d 1449 (Fed. Cir. 1992) . . . . . . . . . . 7

Johnson v. Zerbst, 304 U.S. 458 (1938) . . . . . . . . . . . . . . . 9

Johns-Manville Corp. v. United States, 885 F.2d 1556 (Fed. Cir. 1988) . . . . . . . . . . . . . . . . . 4

Keene v. United States, 508 U.S. 200 (1993) . . . . . . . . . . . . 4

Lan-Dale Co. v. United States, 60 Fed. Cl. 299 (2004) . . . . . . 4

Mark Dunning Indus., Inc. v. United States, 60 Fed. Cl. 687 (2004) . . . . . . . . . . . . . . . . . . . . . . 3

Pittsburgh & L.A. Iron Co. v. Cleveland Iron Min. Co., 178 U.S. 270 (1900) . . . . . . . . . . . . . . . . . . . . . . . . 9

Reed v. Allen, 286 U.S. 191 (1932) . . . . . . . . . . . . . . . . . . 6

Red River Service Corp. v. United States, 60 Fed. Cl. 532 (2004), appeal dismissed, 110 Fed. Appx. 887 (Fed. Cir. Sept. 20. 2004) . . . . . . . . 3

Scott Aviation v. United States, 23 Cl. Ct. 573 (1991) . . . . . . 4

Sharp Kabushiki Kaisha v. Thinksharp, Inc., 448 F.3d 1368 (Fed. Cir. 2006) . . . . . . . . . . . . . . .5, 6

Statistica, Inc. v. Christopher, 102 F.3d 1577 (Fed. Cir. 1996).5

Three S Contractors v. United States, 13 Cl. Ct. 41 (1987) . . .3

United States v. County of Cook, Illinois, 170 F.3d 1084 (Fed. Cir. 1999) . . . . . . . . . . . . . . . . 4

UNR Indus., Inc. v. United States, 962 F.2d 1013 (Fed. Cir), aff'd, 508 U.S. 200 (1992) . . . . . . . . . . . . . . . . . . 8

Waller v. United States, 461 F.2d 1273 (Ct. Cl. 1972) . . . . .10

**FEDERAL STATUTES AND REGULATIONS**

28 U.S.C. § 1500 . . . . . . . . . . . . . . . . . . . . . . . passim

FAR 19. 302(i) . . . . . . . . . . . . . . . . . . . . . . . . . .6

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CHAPMAN LAW FIRM CO., | ) | |
| Plaintiff, | ) | |
| v. | ) | CFC No. 06-473C |
| | ) | (Judge Wheeler) |
| THE UNITED STATES, | ) | **BID PROTEST** |
| Defendant, | ) | |
| and | ) | |
| GREENLEAF CONST. CO., INC., | ) | |
| Defendant-Intervenor. | ) | |

DEFENDANT'S MOTION TO DISMISS

Pursuant to Rule 12(b)(6) of the Rules of this Court ("RCFC"), and pursuant to this Court's Scheduling Order, dated June 23, 2006, defendant, the United States, respectfully requests that the Court dismiss the complaint of plaintiff, Chapman Law Firm Co. ("Chapman"), dated June 21, 2006.[1] Chapman's complaint should be dismissed because Chapman is

[1] Pursuant to the Court's Scheduling Order and the initial telephone conference in this case, dated June 23, 2006, by filing this motion to dismiss, we do not waive our right to defend against plaintiff's motion for a preliminary injunction. See Telephone Conference Transcript, Chapman Law Firm Co. v. United States, No. 06-473C (Fed. Cl. June 23, 2006), at 20 (Court deferring scheduling beyond briefing regarding dismissal); see also id. at 13 (counsel for Chapman indicating that, rather than scheduling responses to Chapman's preliminary injunction motion, it would be more efficient to turn directly to motions for judgment upon the administrative record if the case is not dismissed).

attempting to re-litigate the outcome of a previous protest.

There are several grounds upon which dismissal is warranted. Chapman raises a claim over which this Court lacks jurisdiction because the claim Chapman has brought in the instant case is the same claim as a claim it has appealed to the United States Court of Appeals for the Federal Circuit from a previous determination of this Court, thus depriving the Court of jurisdiction under 28 U.S.C. § 1500. In addition, this Court lacks jurisdiction because Chapman cannot demonstrate that it has been prejudiced by any action of the agency, the United States Department of Housing and Urban Development ("HUD").

Moreover, Chapman's complaint should be dismissed because the issue to which Chapman's argument relates was decided in a previous protest, and therefore cannot be re-litigated in a subsequent protest under the doctrine of res judicata.

Finally, Chapman expressly waived its right to raise the argument it advances in the instant case by stating in the previous protest that it had no remaining problems with HUD's final corrective action plan except that judgment was warranted in its favor.

## ARGUMENT

### I. Lack Of Jurisdiction[2]

#### A. This Court Lacks Jurisdiction Under 28 U.S.C. § 1500

Under 28 U.S.C. § 1500, this Court must dismiss for lack of jurisdiction whenever a suit stemming from the same "claim" against the United States is pending before another Court. See Hill v. United States, 8 Cl. Ct. 382, 385-86 (1985). On June 21, 2006, on the same day that Chapman filed the instant protest,

---

[2] The Tucker Act, as amended by the Administrative Dispute Resolution Act ("ADRA"), confers jurisdiction upon this Court to "render judgment on an action by an interested party . . . to a proposed award or the award of a contract or any alleged violation of statute or regulation in connection with a procurement or proposed procurement." 28 U.S.C. § 1491(b)(1). We do not dispute that the Court possesses jurisdiction to consider determinations of the Small Business Administration's ("SBA") Office of Hearings and Appeals ("OHA") that affect the award of a contract to an interested party. See, e.g., Cavalier Clothes, Inc. v. United States, 810 F.2d 1108, 1110-11 (Fed. Cir. 1987) (in pre-ADRA case, ruling that "there is no basis for any inference that Congress intended to exclude the SBA when it later authorized injunctive relief against [G]overnment agencies and departments generally on pre-award contract claims"); Chapman Law Firm v. United States, 63 Fed. Cl. 25, 29-33 (2004) (citing Mark Dunning Indus., Inc. v. United States, 60 Fed. Cl. 687 (2004) (remanding case to SBA for determination of whether it would have upheld protest concerning awardee's HUBZone status had it been timely filed)); Eagle Design and Mgmt., Inc. v. United States, 57 Fed. Cl. 271, 273 (2002); Three S Contractors v. United States, 13 Cl. Ct. 41, 45 (1987) (pre-ADRA case reviewing OHA size determination); see also Advanced Systems Technology, Inc. v. Barrito, 2005 WL 3211394 (D.D.C. Nov. 1, 2005), at *4-6 (declining jurisdiction over OHA determination because Court of Federal Claims had exclusive jurisdiction over bid protests). But see Red River Service Corp. v. United States, 60 Fed. Cl. 532, 537 (2004), appeal dismissed, 110 Fed. Appx. 887 (Fed. Cir. Sept. 20, 2004) (finding jurisdiction over SBA determinations in federal district courts only).

Chapman filed a notice of appeal in the previous bid protest action it had brought.[3] Under Federal Circuit precedent, "claim," for the purposes of 28 U.S.C. § 1500, is defined by reference to whether the same facts underlay the suit. See Johns-Manville Corp. v. United States, 885 F.2d 1556, 1562-63 (Fed. Cir. 1988); United States v. County of Cook, Illinois, 170 F.3d 1084, 1091 (Fed. Cir. 1999) ("It made no difference that the two suits were based on different theories [here, tax law versus Fifth Amendment taking]; the plaintiff had only one claim for money based on the same set of facts."). Chapman's appeal of the first protest involved the same contract, the same procurement, the same solicitation and the same proposals as the instant protest. In addition, Chapman sought, in the first action, to be considered the only business at the small business tier of competition; it seeks the same relief in the instant action. See Keene v. United States, 508 U.S. 200, 212 (1993) (same "claim" under § 1500 if "other suit" is "based on substantially the same operative facts as the Court of Claims action, at least if there was some overlap in the relief requested"); Lan-Dale Co. v. United States, 60 Fed. Cl. 299, 301-02 (2004) (dismissal required when action filed on same day in district court sought same

[3] Where a plaintiff has appealed from this Court a suit premised upon the same "claim" that it seeks to assert in the instant action, the pending appellate proceeding constitutes an action "pending" before "any other court" under 28 U.S.C. § 1500. See Scott Aviation v. United States, 23 Cl. Ct. 573, 576 (1991).

specific performance and damages, though not the sum certain requested in Court of Federal Claims). Accordingly, the same "claim" is pending before the Federal Circuit, and this Court lacks jurisdiction over any case involving that claim under 28 U.S.C. § 1500.

**B. Chapman Lacks Standing Absent Being Prejudiced**

To possess standing to bring a bid protest action, a plaintiff must demonstrate by clear and convincing evidence that it was be prejudiced by the error being alleged. See, e.g., Statistica, Inc. v. Christopher, 102 F.3d 1577, 1581 (Fed. Cir. 1996); see also Data Gen. Corp. v. Johnson, 78 F.3d 1556, 1562 (Fed. Cir. 1996) (citing cases). In this action, Chapman challenges the agency's consideration of Greenleaf along with it in the small business tier. Clearly, however, Chapman is not prejudiced by the agency's consideration of Greenleaf; it retains a substantial chance of being awarded the contract. Chapman may find itself prejudiced at some later date were it not to win the contract. Accordingly, because Chapman cannot demonstrate by clear and convincing evidence that the challenged agency action has prejudiced it, at least at this premature date, its complaint should be dismissed for lack of jurisdiction.

**II. Chapman's New Action Is Barred By *Res Judicata***

As explained in the Federal Circuit's recent decision in Sharp Kabushiki Kaisha v. Thinksharp, Inc., 448 F.3d 1368 (Fed.

Cir. 2006), the doctrine of res judicata involves two related proscriptions: "Issue preclusion refers to the effect of a judgment on foreclosing re-litigation of a matter that has been litigated and decided. . . . Claim preclusion refers to the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit." Id. at 1370.[4]

Issue preclusion applies here because the matter of whether the OHA determination should apply to this procurement was decided by this Court in its June 6, 2006 decision denying the United States' motion to dismiss. See Chapman Law Firm Co. v. United States, No. 06-330C (Fed. Cl. June 6, 2006) ("Chapman I"). In that proceeding, Chapman merely raised a different argument regarding that matter – it argued that Federal Acquisition Regulation ("FAR") 19.302(i) foreclosed consideration of the OHA determination because the procurement was in its post-award stage; it chose not to raise the argument that it raises now, namely, that the OHA determination should not apply because it is wrong. Thus, issue preclusion bars re-litigation of this matter.

[4] Res judicata applies with equal force where the original judgment is subject to reversal on appeal. See Reed v. Allen, 286 U.S. 191, 199-201 (1932) (citing Deposit Bank of Frankfort v. Board of Councilmen of the City of Frankfort, 191 U.S. 499, 518 (1903) ("We are unable to find reason or authority supporting the proposition that because a judgment may have been given for the wrong reasons or has been subsequently reversed, that it is any the less effective as an estoppel between the parties while in force.")).

Moreover, even if the Court considers the matter not to have been decided in the previous protest, Chapman's new action is barred by claim preclusion. In the previous protest, Chapman claimed it should have been awarded the contract as the only remaining small business in the competitive range. In regards to that claim, Chapman clearly should have raised the matter of the OHA's purported error in the previous protest – before the Court decided that the OHA determination should apply to this procurement.[5] Chapman's current suit is intended to attack the outcome of the previous protest by undermining the conclusion that the OHA determination should apply; indeed, in its Complaint and in its Motion for a Preliminary Injunction, Chapman directly criticizes this Court's June 6, 2006 decision and proceeds to request relief that contradicts the outcome of the previous protest, see Complaint, dated June 21, 2006 ("Compl."), at 1, "Relief Requested;" Motion for Preliminary Injunction ("PI Mot."), dated June 21, 2006, at 12, 13. Permitting the current suit would undermine the finality and reliability of bid protest suits by permitting parties to obtain successive bid protest

---

[5] Indeed, the Court noted in its initial telephone conference in this case that the administrative record from the prior protest was equally applicable to the instant one, and that the only supplementation that appeared necessary was the addition of un-redacted versions of SBA Area Office and OHA decisions and possibly, related materials. See Transcript of Telephone Conference, Chapman Law Firm Co. v. United States, No. 06-473 (Fed. Cl. June 23, 2006), at 18.

review over the same procurement simply by withholding relevant arguments from one proceeding to the next, thus defeating the purpose of the doctrine of res judicata. See In Re Deckler, 977 F.2d 1449, 1452 (Fed. Cir. 1992) (purposes of "finality and repose" underlay res judicata). Chapman's protest is accordingly barred by that doctrine.[6]

**III. Chapman Has Waived The Argument It Advances Here**

In a June 7, 2006 telephone conference in the previous protest, the Court asked Chapman's counsel if Chapman had any issues with the corrective action the agency ended up taking in that case. After discussing the confidentiality matters related to the June 6, 2006 opinion, Chapman's counsel stated:

> The only other issue I have, Your Honor, as to given the current status of everything with Ms. Musilli's revised declaration, is that when this case started, my client had his contract terminated for convenience. The RFP that he had bid on was cancelled, and he was not going to be able to compete for the work in the future because it seems that they were only going to solicit current M&M contractors.
>
> As it stands now, my client has his contract reinstated, according to Ms. Musilli. The RFP is reinstated, and my client is going to be able to compete for the contract. I would think that he has prevailed on all of the issues that he has sought, so I don't see any

[6] Even if the Court does not dismiss this case for lack of jurisdiction, where a claim has already been adjudicated in a previous proceeding, principles of res judicata apply. See UNR Indus., Inc. v. United States, 962 F.2d 1013, 1021 (Fed. Cir.), aff'd, 508 U.S. 200 (1992).

> reason other than the [G]overnment not wanting to pay attorney's fees that you shouldn't enter judgment for my client and Greenleaf because it seems to me they got what they wanted also.

Transcript of Telephone Conference, Chapman Law Firm Co. v. United States, No. 06-330C (Fed. Cl. June 7, 2006), at 8 (emphasis added). The Court entered judgment in Chapman's favor on June 20, 2006. Chapman Law Firm Co. v. United States, No. 06-330C (Fed. Cl. June 20, 2006) ("Chapman II"). Now, in its new complaint, Chapman states that Greenleaf should not be considered small after all, despite its counsel's explicit statement that Chapman had no issue with the June 6 opinion other than its desire for judgment.

Chapman had ample opportunity to raise the argument it raises in the instant protest in the prior case, first in its reply responding to our motion to dismiss on June 5, 2006, in which it argued that FAR barred the application of the OHA determination to the procurement, again at the hearing respecting our motion to dismiss on June 6, 2006, and again in the telephone conference on June 7, 2006, in which it stated that it had no further objection to the Court's opinion.

Under Supreme Court precedent, a waiver is an "intentional relinquishment of a known right." Johnson v. Zerbst, 304 U.S. 458, 464 (1938). Parties are presumed to know the law, and can lose their right to pursue a claim for failing to raise that

claim when they first have the chance. Pittsburgh & L.A. Iron Co. v. Cleveland Iron Min. Co., 178 U.S. 270, 278 (1900) (claim raised too late is presumed to have been known to plaintiff, and therefore dismissed for laches). Where a party knowingly failed to challenge a determination of a tribunal in a previous proceeding, binding precedent deems the challenge waived, regardless of the theory upon which the subsequent challenge is premised. See Gant v. United States, 417 F.3d 1328, 1330 (Fed. Cir. 2005) (refusing to overturn conclusion that, "[b]y failing to challenge the finding of unfitness and the disability rating, . . . [plaintiff] waived his right to raise those issues in subsequent administrative and judicial proceedings"); Waller v. United States, 461 F.2d 1273, 1277 (Ct. Cl. 1972) ("any objection which the plaintiff might otherwise have made against the admission of his statement was effectively waived by his consent to its admission . . . ; and his present collateral attack against the legality of his discharge from the Air Force on the ground that his self-incriminating statement was inadmissible in evidence before the board of officers comes too late").[7] By intentionally going along with the Court's opinion in the last protest and waiting until the instant protest to raise its

[7] Indeed, binding precedent indicates that arguments raised for the first time at the appellate level are waived even upon direct appeal, see Gant, 417 F.2d at 1332; accordingly, it makes little sense to permit arguments not raised regarding issues previously decided to be raised in later collateral proceedings.

argument that the OHA determination was wrong, Chapman has waived the argument.

**CONCLUSION**

For the foregoing reasons, we respectfully request that Chapman's complaint be dismissed.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s/ Mark A. Melnick

MARK A. MELNICK
Assistant Director

/s/ Sameer Yerawadekar

SAMEER YERAWADEKAR
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-4696
Fax: (202) 514-8640

Attorneys for Defendant

OF COUNSEL:
BEVERLEY HAZLEWOOD-LEWIS
Trial Attorney
Office of General Counsel
U.S. Small Business Administration
409 3rd Street, S.W.
Washington, D.C. 20416

KIMBERLY Y. NASH
Trial Attorney
ROBERT J. BROWN
Attorney-Advisor
Procurement & Administrative Law Division
Department of Housing and Urban Development
751 7th Street, S.W.
Room 10180
Washington, D.C. 20410

June 30, 2006

CERTIFICATE OF SERVICE

I hereby certify that on June 30, 2006 a copy of the foregoing "DEFENDANT'S MOTION TO DISMISS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Sameer Yerawadekar