IN THE UNITED STATES COURT OF FEDERAL CLAIMS
Washington, D.C.

| | |
|---|---|
| CHAPMAN LAW FIRM CO.<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA<br><br>Defendant<br><br>and<br><br>GREENLEAF CONSTRUCTION CO., INC.<br><br>Intervenor-Defendant. | CFC No. 06-473C<br>Judge Wheeler<br>(Bid Protest) |

**GREENLEAF CONSTRUCTION COMPANY, INC.'S REPLY TO CHAPMAN LAW FIRM CO.'S OPPOSITION TO MOTION TO DISMISS**

Greenleaf Construction Company ("Greenleaf"), by counsel, files this Reply to the Opposition to Intervenor's Motion to Dismiss filed by Greenleaf Construction Co., Inc. ("Greenleaf") on June 30, 2006.[1] This Reply is timely as it is filed on or before July 12, 2006, as prescribed by the Court's June 23, 2006 Order.

Greenleaf restates its earlier arguments as if stated herein. The Chapman Law Firm's ("CLF") Opposition ("Pl. Opp.") does not raise any viable arguments to oppose the motions to dismiss filed by Greenleaf and the government. CLF has, however, alleged support for its interpretation of the words "same transaction" by relying upon

[1] For reference purposes, CLF's pending action (CFC No. 06-473C) shall be referred to herein as "Chapman II," while the earlier action, Chapman Law Firm, Co. v. United States, et al., CFC No. 06-330C (June 20, 2006), shall be referred to as "Chapman I."

earlier litigation between CLF and the firm of Harrington, Moran, and Barksdale, Inc. ("HMBI"). The undersigned counsel represented HMBI in both matters.[2]

CLF argues that Chapman I and Chapman II are not the "same transaction" and therefore the doctrine of res judicata does not apply because:

> [n]either the Government, HMBI nor the Court asserted that the two cases should be consolidated or considered together in any way. In fact[,] the issue never came up. The two cases [Chapman A and Chapman B] were totally distinct relating to two different sets of facts and two different sets of laws. The same applies here and the Court should not give credit to the Government's and Greenleaf's claims here.

Pl. Opp. at 12-13.

CLF's argument is misleading and factually inaccurate. The timing of the suits in Chapman A and Chapman B precluded the Government and HMBI from filing a motion to dismiss. As a result, the factual and procedural history of the Chapman/HMBI litigation provides no assistance to CLF.

The following table shows the events that led up to Chapman A and Chapman B.

| CHAPMAN A (SIZE PROTEST) | CHAPMAN B (BID PROTEST) |
|---|---|
| July 8, 2004, CLF filed a size protest at SBA challenging HMBI's size | |
| | July 15, 2004 CLF filed a protest at GAO challenging award to HMBI |
| July 26, 2004, SBA held HMBI is small | |
| August 9, 2004, CLF appeals size determination to SBA's Office of Hearings and Appeals ("OHA") | |
| October 7, 2004, OHA denies CLF's appeal | |
| October 14, 2004, CLF files Chapman A | |

[2] For reference purposes, Chapman Law Firm v. United States, 63 Fed, Cl. 25 (2004)(Hewitt, J.) shall be referred to as "Chapman A" and Chapman Law Firm v. United States, 63 Fed. Cl. 519 (2005)(Hewitt, J.) shall be referred to as "Chapman B." Interestingly, because Chapman A and Chapman B were related, Judge Hewitt heard both cases.

| | |
|---|---|
| | November 15, 2005, GAO denies CLF's protest (Chapman Law Firm, B-293105.6, 10, .12) |
| | November 18, 2004, CLF files Chapman B |
| November 23, 2004, Judge Hewitt issues decision denying Chapman A | |
| | January 4, 2005, Judge Hewitt issues protected decision denying Chapman B |

As the above table shows, CLF litigated where and when it could. First, CLF filed a size protest at the SBA (7/8/04). It also filed a bid protest at GAO (7/15/04). CLF lost its SBA size protest (7/26/04) and then appealed to SBA's OHA (8/9/04). After losing at SBA's OHA (10/7/04), CLF filed a protest at the Court (Chapman A)(10/14/04), asking the Court to reconsider the OHA decision. CLF then lost its GAO protest and filed a bid protest at the Court (Chapman B)(11/18/04).

The timing of the SBA and GAO decisions were fortuitous for CLF. Because SBA's OHA ruled first, CLF was able to file Chapman A. After GAO ruled against it, CLF then file Chapman B with the Court. There was virtually no overlap between Chapman A and Chapman B.

If, on the other hand, CLF had filed Chapman B after SBA's OHA had ruled against its size appeal, then the government and HMBI would have argued the same as here; a challenge of an earlier issued OHA decision must be part of CLF's bid protest. In other words, CLF would be subject to the same argument that res judicata precludes submitting a claim challenging the OHA decision. However, because of the timing of the OHA decision, neither the government nor HMBI could make the res judicata argument they are making in Chapman II.

In addition, size protests are by their very nature subsets of protests against a procurement. In Chapman A, CLF was able to first challenge size and then in Chapman

B, CLF challenged the rest of the procurement. If, on the other hand, a challenge to the procurement had been made first, then all subsets that are ripe for protest (like size) should have been brought when the procurement is challenged.

CLF is somehow suggesting that a size protest is not a subset of a procurement but an independent matter, i.e., not the "same transaction." That is simply not the case. A size protest is by definition always part of a procurement.[3] If the award decision is being protested, size is just one of many issues that can be protested. The only difference between size and other procurement issues is that SBA is vested with jurisdiction to decide the matter first. If the Court so decides it has jurisdiction (as Judge Hewitt did in Chapman A), then it can review the OHA decision. However, once a protest has been filed (as in Chapman I), then all subsidiary protest issues that are ripe (like size is in this case) must be brought as part of the initial protest action. Otherwise, the doctrine of res judicata (claim preclusion) is a bar.

In the present litigation, CLF should have brought its challenge of the OHA decision as part of Chapman I. The SBA OHA decision was decided on February 16, 2006 (Supplemental Administrative Record, Tab 20)("OHA decision"), *over two months before* Chapman I was filed (on April 27, 2006). Unlike in Chapman A and Chapman B, CLF knew of the adverse OHA decision well before it filed its bid protest in Chapman I. Moreover, CLF's size protest of Greenleaf was ripe when CLF filed Chapman I. As the Supreme Court held, "[a] final judgment on the merits of an action precludes the parties or their privies from re-litigating issues that were *or could have been raised in that action*." Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981)(emphasis

---

[3] SBA regulations state: "A size protest challenging the size of a concern which does not pertain to a particular procurement or sale will not be acted on by SBA." 13 C.F.R. 121.1007(a). Because SBA acted on CLF's size protest, it by definition must "pertain to a particular procurement."

added). A challenge to the OHA determination "could have been raised in [Chapman I]." Yet, CLF did not raise the issue. Therefore, its subsequent action is barred by res judicata. CLF's reliance upon Chapman A and Chapman B is misleading and factually inaccurate.

WHEREFORE, Greenleaf requests that this Court grant its Motion to Dismiss.

Respectfully submitted,

/s/ Alexander J. Brittin

Date: July 12, 2006 By: ______________________________

Alexander Brittin, Esq.
BRITTIN LAW GROUP, P.L.L.C.
8000 Towers Crescent Drive, Suite 900
Vienna, Virginia 22182
Tel: (703) 610-4895
Fax: (703) 610-4896
*Counsel for Intervenor-Defendant*
*Greenleaf Construction Company, Inc.*

*Of Counsel*:

Jonathan D. Shaffer
SMITH PACHTER MCWHORTER PLC
8000 Towers Crescent Drive, Suite 900
Vienna, VA 22182
Tel: (703) 847-6300
Fax: (703) 847-6312

**CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of July, 2006, a copy of GREENLEAF CONSTRUCTION COMPANY, INC.'S REPLY TO CHAPMAN LAW FIRM CO.'S OPPOSITION TO MOTION TO DISMISS was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Alexander J. Brittin

Alexander J. Brittin