IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| CHAPMAN LAW FIRM CO.,<br>Plaintiff,<br>v.<br>THE UNITED STATES,<br>Defendant,<br>and<br>GREENLEAF CONST. CO., INC.,<br>Defendant-Intervenor. | CFC No. 06-473C<br>(Judge Wheeler)<br>**BID PROTEST** |

DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

Pursuant to Rule 12(b)(6) of the Rules of this Court ("RCFC"), and pursuant to this Court's Scheduling Order, dated June 23, 2006, defendant, the United States, respectfully submits its reply in support of its motion to dismiss, dated June 30, 2006 ("MTD"). In its response to our motion, dated July 7, 2006 ("Resp."), plaintiff Chapman Law Firm Co. ("Chapman") presents only one, identical defense against the twin notions that this Court lacks jurisdiction to entertain this protest under 28 U.S.C. § 1500 and that the arguments it raises are barred by res judicata, namely, that this second protest involves a different "claim" from the one asserted in the earlier protest, Chapman Law Firm Co. v. United States, No. 06-330C (Fed. Cl.). See Resp. at 1, 10-13. That defense fails. Moreover, Chapman makes no

attempt to contradict the notion that it waived the arguments it raises in the instant protest by failing to raise them in the last one. Significantly, Chapman also fails to respond to the demonstration that the Court lacks jurisdiction over the instant protest because Chapman has failed to show that it is prejudiced by the actions of the agency, the United States Department of Housing and Urban Development ("HUD"). See MTD at 5. Accordingly, because Chapman has not even attempted to meet its burden in this respect, this protest should be dismissed.

**ARGUMENT**

**I. Same Claim For Purposes Of 28 U.S.C. § 1500 And *Res Judicata***

Chapman contends that "[t]he analysis of whether there is any res judicata effect arising from [Court of Federal Claims case] No. 06-330 on [Court of Federal Claims case] No. 06-473 follows similar lines as . . . under 28 U.S.C. § 1500." Resp. at 11. Chapman further contends that 28 U.S.C. § 1500 does not apply to this case because "[t]he current case relates to the actions of the [Small Business Administration ("SBA")] under one set of statutes and regulations, while the other case related to the actions of HUD under another set of regulations and statutes[.]" Resp. at 11. Respecting res judicata, Chapman contends that it does not apply to this case because "we have two cases that arise from two different Government agencies considering different issues subject to different statutes and

regulations – they are not the same transaction." Resp. at 12. While we agree that the analyses of the applicability of 28 U.S.C. § 1500 and res judicata are similar, we disagree with Chapman's arguments respecting them. Chapman's arguments set forth an overly restrictive, erroneous standard for the scope of "claim" for purposes of 28 U.S.C. § 1500 and res judicata.

First, with respect to the notion that, because SBA and HUD applied different sets of regulations to arrive at the conclusions Chapman challenges, the "claims" underlying the two protests are different, that argument is contradicted by the fact that, under both 28 U.S.C. § 1500 and res judicata principles, the assertion of different legal theories in successive lawsuits does not render the "claims" underlying those suits different. In the first protest, Chapman challenged HUD's decision to consider defendant-intervenor Greenleaf Construction Co. ("Greenleaf") a small business under the Federal Acquisition Regulation, while in the current protest, it challenges that decision under regulations pertaining to the SBA. Numerous cases indicate that successive cases challenging the same action upon different legal grounds do not arise from different "claims" for purposes of 28 U.S.C. § 1500. See, e.g., Harbuck v. United States, 378 F.3d 1324, 1328-29 (Fed. Cir.), cert. denied, 125 S.Ct. 1386 (2004) (statue bars Equal Pay Act lawsuit where Title VII lawsuit pending in district court); Augustin v. United

States, 92 Fed. Appx. 786, 788-89 (Fed. Cir.), cert. denied, 125 S.Ct. 52 (2004) (unpub.) (statute bars jurisdiction over Back Pay Act lawsuit where employment discrimination lawsuit pending in district court); Vaizburd v. United States, 46 Fed. Cl. 309, 311-12 (2000) (Fifth Amendment taking lawsuit barred where tort lawsuit pending in district court); De Leon v. United States, 69 Fed. Cl. 336, 341 (2005) (Equal Pay Act lawsuit barred where Title VII lawsuit pending in district court); Dwyer v. United States, 7 Cl. Ct. 565, 568-69 (1985) (contract lawsuit barred where tort lawsuit pending in district court).[1] Nor does bringing a successive lawsuit under a different legal theory bar application of res judicata. See, e.g., Vitaline Corp. v. General Mills, Inc., 891 F.2d 273, 274-75 (Fed. Cir. 1989) (later case asserting abandonment of mark precluded by res judicata effect of earlier case regarding fraud in obtaining mark); New Jersey Inst. of Tech. v. Medjet, Inc., 47 Fed. Appx. 921, 923-24 (Fed. Cir. 2002) (unpub.) ("same cause of action" for res

---

[1] We note that Chapman does not challenge the holding of Scott Aviation v. United States, 23 Cl. Ct. 573, 576 (1991), that an appeal of a decision of this Court to the Federal Circuit constitutes a case "pending" "in any other court" for purposes of 28 U.S.C. § 1500; nor does Chapman challenge the rule that a decision that has been appealed constitutes a final judgment for purposes of res judicata. See Reed v. Allen, 286 U.S. 191, 199-201 (1932) (citing Deposit Bank of Frankfort v. Board of Councilmen of the City of Frankfort, 191 U.S. 499, 518 (1903)); Pharmacia & Upjohn Co. v. Mylan Pharmaceuticals, Inc., 170 F.3d 1373, 1380-81 (Fed. Cir. 1999); Rice v. Dep't of Treasury, 998 F.2d 997, 999 (Fed. Cir. 1993); SSIH Equip., S.A. v. United States Int'l Trade Comm'n, 718 F.2d 365, 370 (Fed. Cir. 1983).

judicata purposes even if different legal theory pled); Awtry v. United States, 684 F.2d 896, 899-901 (Ct. Cl. 1982) (second suit regarding improper ground for dismissal barred by issue preclusion under res judicata effect of earlier suit regarding argument that plaintiffs did not hold policy-making positions); Sun Oil Co. v. United States, 572 F.2d 786 (Ct. Cl. 1978) (contract case had res judicata effect precluding takings case); Bander v. United States, 161 Ct. Cl. 475 (1963) (especially where new theory could have been raised in earlier case, res judicata bars second suit); Application of Gruskin, 234 F.2d 493, 496 (C.C.P.A. 1956) ("This issue does not avoid the ground of res judicata. Litigation would never be terminated if applicant could obtain a new hearing because he propounds a different theory."). Accordingly, because Chapman's new suit challenges HUD's action upon the grounds that SBA regulations, rather than acquisition regulations, were violated, it cannot avoid the bars against its second suit imposed by 28 U.S.C. § 1500 and res judicata.

Second, Chapman mischaracterizes the nature of a "claim" when it states that the very same facts must be involved in the analysis of the arguments raised in successive lawsuits for the "claims" underlying the suits to be identical. Resp. at 10-13.[2]

---

[2] We note that Chapman agrees that "the one case may affect the other[.]" Resp. at 11. Indeed, there is no question but that in bringing the instant protest, Chapman hopes to undo the result

It argues that the specific facts that would be examined in analyzing the alleged violation of the SBA regulations would be different from the specific facts that were examined in analyzing the alleged violation of the acquisition regulations. Id. Therefore, it argues, the cases arise from different "claims." Id. However, the Federal Circuit has specifically rejected such reasoning. With respect to 28 U.S.C. § 1500, the Court has held:

> [Plaintiff] argues the claims are not the same since a tort theory [asserted in the district court] will require different elements of proof than a contract theory. There are at least two answers to this. First, elements of proof are only relevant once a legal theory has been chosen. As previously discussed, the term "claim" in section 1500 "has no reference to the legal theory upon which a claimant seeks to enforce his demand . . ." British American Tobacco Co.[ v. United States, 89 Ct. Cl. 438, 440 (1939), cert. denied, 310 U.S. 627 (1940)]. Since the legal theory is not relevant, neither are the elements of proof necessary to present a prima facie case under that theory. Second, the Court of Claims in Los Angeles expressly rejected this argument of appellant. See Los Angeles [Shipbuilding & Drydock Corp. v. United States, 152 F. Supp. 236, 237-38 (Ct. Cl. 1957)].

Johns-Manville Corp. v. United States, 855 F.2d 1556, 1564 (Fed. Cir. 1988). Accordingly, it is not sufficient for Chapman to point out that the specific facts it intends to rely upon to prove its case in the instant protest differ from those it cited in the previous protest; precedent defines "claim" broadly to

---

of the previous protest.

encompass the entire series of facts underlying a dispute between parties. Indeed, as the Federal Circuit explained in the passage quoted above, the rule preventing different legal theories from being asserted in successive lawsuits would lack any substance if the only facts that mattered in determining the identity of a "claim" were those specifically related to a chosen legal theory.

This reasoning is even more pointed under the res judicata doctrine. As noted by Chapman, for res judicata to apply, the previous action must represent the same "cause of action," or "claim," as the new one, which in turn requires an examination of the facts underlying both cases. Resp. at 12. However, as articulated by the Federal Circuit:

> It is well established that a party may not split a cause of action into separate grounds in successive lawsuits; instead, a party must raise in a single lawsuit all the grounds of recovery arising from a single transaction or series of transactions that can be brought together.

Mars Inc. v. Nippon Conlux Kabushiki-Kaisha, 58 F.3d 616, 619 (Fed. Cir. 1995). Indeed, the Federal Circuit has adopted the explanation of impermissible claim-splitting found in the Restatement (Second) of Judgments § 24 (1982), which reads:

> (1) When a valid and final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar (see §§ 18, 19), the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of

> which the action arose.
>
> (2) What factual grouping constitutes a "transaction," and what groupings constitute a "series," are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.

Id. (emphasis added); see Mars, 58 F.3d at 619 (citing Restatement (Second) of Judgments at § 24(2) (1982)). As Chapman's own recitation of the facts in the instant protest demonstrates, Resp. at 1-7, the same transaction or series of transactions are involved in the instant protest as were involved in the previous protest. The same proposals responding to the same solicitations for the same contract form the basis for both lawsuits. Chapman seeks the same relief in both lawsuits as well – it seeks to be awarded the contract as the only remaining small business in the competitive range.[3] Chapman could easily have raised the arguments it raises now in the previous protest, thus preventing "dual proceedings . . . result[ing] in unfair burden

---

[3] The fact that the same relief is sought, that is, Chapman sought the same relief for the violation of its alleged right to the contract caused by HUD's continued consideration of Greenleaf as a small business, constitutes more evidence that the cause of action is identical in both suits. Indeed, under the traditional res judicata doctrine enunciated by the Supreme Court, it would have been dispositive. See Baltimore S.S. Co. v. Phillips, 274 U.S. 316, 321 (1927) ("The facts are merely the means, and not an end. They do not constitute the cause of action, but they show its existence by making the wrong appear.")

to the defendant, and unnecessary crowding of this [C]ourt's docket and general administrative chaos[,]" Johns-Manville, 855 F.2d at 1563 (citation omitted), but chose instead to wait until the earlier case was concluded before bringing this new action.[4] Therefore, the doctrine of res judicata defines "cause of action" or "claim" broadly, and clearly indicates that the previous protest and the instant protest assert the same cause of action, thus barring the new action.

**II. Chapman Has No Defense Against Waiver**

In Chapman's only mention of the fact that its counsel stated that it had no further objection to the outcome of the previous protest, it states that there was nothing more to decide in the previous protest because the substance of the decision of the Office of Hearings and Appeals was not before the Court "at that point." Resp. at 7. The validity of that argument rests upon Chapman's faulty assumption that it could raise the argument it raises now in the instant protest, and that it had no obligation to raise it in the first action. Because, as we have demonstrated, that assumption is incorrect, Chapman has no

[4] Chapman's observation that the administrative record needed supplementation to adjudicate the instant protest does not indicate that the two cases do not arise from the same "claim" for the reasons discussed above; indeed, the administrative record had been supplemented in the first protest; a second supplementation involving the small number of materials added in the second protest would have been much less inefficient than responding to these arguments in a second lawsuit.

defense against waiver, and the case should be dismissed upon that ground.

**CONCLUSION**

For the foregoing reasons, and for the reasons set forth in our initial motion, we respectfully request that Chapman's complaint be dismissed.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s/ Mark A. Melnick

MARK A. MELNICK
Assistant Director

/s/ Sameer Yerawadekar

SAMEER YERAWADEKAR
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-4696
Fax: (202) 514-8640

Attorneys for Defendant

OF COUNSEL:
BEVERLEY HAZLEWOOD-LEWIS
Trial Attorney
Office of General Counsel
U.S. Small Business Administration
409 3rd Street, S.W.
Washington, D.C. 20416

KIMBERLY Y. NASH
Trial Attorney
ROBERT J. BROWN
Attorney-Advisor
Procurement & Administrative Law Division
Department of Housing and Urban Development
751 7th Street, S.W.
Room 10180
Washington, D.C. 20410

July 12, 2006

CERTIFICATE OF SERVICE

I hereby certify that on July 12, 2006 a copy of the foregoing "DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Sameer Yerawadekar