# In the United States Court of Federal Claims

No. 06-473C

(Filed: July 17, 2006)

| | | |
|---|---|---|
| CHAPMAN LAW FIRM CO., Plaintiff, | * | |
| v. | * | |
| THE UNITED STATES, Defendant, | * | Bid Protest; Jurisdiction; 28 U.S.C. § 1500; Same Underlying Facts; Res Judicata; Claim Preclusion. |
| and | * | |
| GREENLEAF CONSTRUCTION CO., INC., Defendant-Intervenor. | * | |

*James S. DelSordo*, with whom was *John J. O'Brien*, Cohen Mohr LLP, Washington, D.C., for Plaintiff.

*Sameer Yerawadekar*, with whom were *Peter D. Keisler*, Assistant Attorney General, *David M. Cohen*, Director, and *Mark A. Melnick*, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, D.C., *Beverly Hazlewood-Lewis,* U.S. Small Business Administration, *Kimberly Y. Nash* and *Robert J. Brown*, Department of Housing & Urban Development, Washington, D.C., Of Counsel, for Defendant.

*Alexander J. Brittin*, Brittin Law Group, PLLC, Vienna, Virginia, with whom was *Jonathan D. Shaffer*, Smith Pachter McWhorter PLC, Vienna, Virginia, Of Counsel, for Defendant-Intervenor.

**OPINION AND ORDER ON**
**MOTIONS TO DISMISS**

WHEELER, Judge.

Background

This case is the latest in a long-running series of challenges to the same federal procurement. On June 21, 2006, Plaintiff, Chapman Law Firm ("Chapman") filed a complaint for declaratory and injunctive relief in this Court challenging the February 16, 2006 decision of the U.S. Small Business Administration's Office of Hearings and Appeals ("OHA") regarding the size status of Chapman's competitor, Greenleaf Construction Co., Inc. ("Greenleaf"). Chapman argues that the OHA decision finding Greenleaf to be an eligible small business is arbitrary and capricious. Chapman maintains that it is the only small business eligible for award of a management and marketing services contract by the Department of Housing & Urban Development ("HUD").

Chapman's current action involves the same HUD procurement, Request for Proposal ("RFP") No. R-OPC-22505, at issue in the recent case of Chapman Law Firm et al. v. United States et al., 71 Fed. Cl. 124 (2006) (hereinafter "Chapman I").[1] Chapman commenced that action on April 27, 2006. The Court held in Chapman I that HUD's proposed corrective action of reopening negotiations only with Chapman was without a rational basis and contrary to law. The Court gave effect to the February 16, 2006 OHA decision, and concluded that HUD should reopen negotiations with both Chapman and Greenleaf as eligible small businesses. The Court issued a final judgment in Chapman I on June 21, 2006. That same day, Chapman filed a notice of appeal requesting review by the U.S. Court of Appeals for the Federal Circuit (No. 06-5096), and filed the present action in this Court (hereinafter "Chapman II").

Defendant and the intervenor, Greenleaf, have filed motions to dismiss, arguing that Chapman is attempting to re-litigate the prior protest in Chapman I. They assert that the Court lacks jurisdiction under the doctrine of res judicata, and under 28 U.S.C. § 1500, because Chapman is pursuing the same claim in this action that it is appealing to the Federal Circuit in Chapman I. Chapman opposes the motions to dismiss, asserting that the causes of

[1] A description of the extensive history of this procurement, including the many legal challenges that have been filed, may be found in the Chapman I Opinion and Order. The Court filed the Chapman I opinion under seal on June 6, 2006, but reissued it the following day, June7, 2006, without redaction.

action in Chapman I and Chapman II are not the same, and do not involve the same underlying facts.

Claims Prohibited Under 28 U.S.C. § 1500

28 U.S.C. § 1500 provides that this Court "shall not have jurisdiction of any claim . . . which the plaintiff . . . has pending in any other court . . . against the United States . . . ." This Court must dismiss for lack of jurisdiction whenever a suit stemming from the same "claim" against the United States is pending in another Court. See Hill v. United States, 8 Cl. Ct. 382, 385-86 (1985). A "claim" for purposes of 28 U.S.C. § 1500 is defined by whether the same underlying facts apply to each suit. Johns-Manville Corp. v. United States, 855 F.2d 1556, 1562-63 (Fed. Cir. 1988) (claims are determined by their operative facts, not by the legal theories on which they are based); see also British American Tobacco Co. v. United States, 89 Ct. Cl. 438, 440 (1939), cert. denied, 310 U.S. 627 (1940) ("claim" has no reference to the legal theories by which a claimant seeks to enforce his demand, but to the underlying facts).

In this action and in the appeal to the Federal Circuit, Chapman seeks a ruling that it is the only eligible small business to receive and perform the subject HUD contract. In both actions, the linchpin to Chapman's success is to persuade the Federal Circuit or this Court that HUD should not give any effect to the OHA's February 16, 2006 decision. Chapman presumably will argue at the Federal Circuit that HUD by regulation should not consider the OHA decision, and Chapman argues here that the OHA decision is arbitrary and capricious. Both actions involve the same underlying facts. Under these circumstances, Chapman's present suit in this Court is barred by the provisions of 28 U.S.C. § 1500.

Res Judicata and Claim Preclusion

Separately, Chapman's new action is barred under the doctrine of res judicata. As explained recently in Sharp Kabushiki Kaisha v. Thinksharp, Inc., 448 F.3d 1368 (Fed. Cir. 2006), the doctrine of res judicata involves two preclusion concepts: "issue preclusion" and "claim" preclusion." Issue preclusion forecloses re-litigation of a matter that has been heard and decided. Claim preclusion refers to the effect of a judgment in foreclosing litigation of a matter that has not been litigated, because of a determination that it should have been advanced in an earlier suit. Id. at 1370 (citing Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 77 n.1 (1984).

Here, the Court already has decided in Chapman I the issue of whether the OHA's February 16, 2006 decision should apply to HUD's procurement. In that case, Chapman argued that Federal Acquisition Regulation ("FAR") § 19.302(i) prohibited consideration of

the OHA's decision because the procurement was in its post-award stage. Chapman could have raised the argument in Chapman I that it believes the OHA's decision was arbitrary and capricious, but it did not.

The suit in Chapman I began as a challenge to HUD's actions in terminating Chapman's existing contract for convenience, cancelling the solicitation for the Ohio/ Michigan region, and awarding a sole-source "bridge" contract to an incumbent provider, Michaelson, Connor & Boul, Inc. As filed, this suit did not implicate the OHA's February 16, 2006 decision that found Greenleaf to be an eligible small business. However, when HUD proposed the corrective action of reinstating Chapman's contract, and reopening negotiations to receive updated proposals, the effect of the OHA decision became central to the outcome. Should the reopened negotiations include both Greenleaf and Chapman as eligible small businesses, or should the negotiations include only Chapman? The answer to this issue depended upon the application of FAR § 19.302(i) and an SBA regulation, 13 CFR § 121.1009(g). The Court also examined whether the Chapman contract could be regarded as "post-award," since the agency admittedly had not completed its determination of Chapman's responsibility.

In arguing the propriety of HUD's proposed corrective action, the parties briefed extensively the question of whether the Court should give effect to the OHA's February 16, 2006 decision. Chapman participated in this briefing, siding with the Government in arguing that the Court should not require the agency to include Greenleaf in the reopened negotiations. At no time did Chapman contend that the OHA decision was arbitrary and capricious. Even at a June 7, 2006 status conference held after the Court had issued the Chapman I decision, Chapman could have raised other issues relating to the OHA decision, but it did not. When asked if there were any other issues to present, Plaintiff's counsel asserted only that the Court should enter a final judgment to facilitate his client's claim for attorneys' fees. (Transcript, June 7, 2006, at 8, 10-12). Thus, claim preclusion bars Chapman from raising a new challenge to the OHA's decision that should have been asserted in Chapman I.

Accordingly, for each of the above independent grounds, the motions of Defendant and Greenleaf to dismiss are hereby GRANTED, and Chapman's complaint shall be DISMISSED with prejudice for lack of subject matter jurisdiction.

IT IS SO ORDERED.

s/Thomas C. Wheeler
THOMAS C. WHEELER
Judge